## CIRCUIT COURT OF WISE COUNTY

Hershell R. Quillen, Adm'r

    v.

Doris Huff

March 18, 1986

By JUDGE M. M. LONG, JR.

After reviewing the evidence and considering the briefs filed by counsel in this case, I have decided to sustain the Motion to Set Aside the Verdict and award a new trial.

I am of opinion that it was prejudicial error to admit into evidence the results of the field breath test taken pursuant to Sec. 18.2-267 of the Code of Virginia. This section provides that any person "suspected of a violation of Sec. 18.2-266 shall be entitled. . . to have his breath analyzed to determine the *probable* alcoholic content of his blood." (italics added). The section also provides that the results of the analysis shall not be admitted into evidence in any prosecution under Sec. 18.2-266, the purpose of this section being to permit a preliminary analysis of the alcoholic content. There was no evidence that this test is reliable or that the reading is a trustworthy index of alcohol. I have been unable to find any authority that such a test is admissible in a civil case and counsel for plaintiff has not cited authority that it is admissible in evidence Counsel for plaintiff contends that defendants "opened the door" by first bringing alcohol into the case by introducing the results of the test taken pursuant to Sec. 18.2-268. If the procedure outlined in Sec. 18.2-268 is followed then the test is admissible in civil as well as criminal cases. The fact that defendant introduced a test result which was properly admitted into evidence did not give plaintiff the right to rebut it with improper evidence.

I am of opinion there was sufficient evidence presented for the jury to consider the claim for punitive damages. Sec. 8.01-52(5) provides in a wrongful death action punitive damages may be recovered for willful or wanton conduct, or such recklessness as evinces a conscious disregard for the safety of others.

Defendant testified that she crossed the double solid line, no one forced her over, she was not passing vehicles when she crossed over, and nothing was mechanically wrong with her car. She further testified that she ran several cars off the road before she ran into the Quillen motorcycle, she knew that she was endangering peoples lives before she got to the Quillen motorcycle, that she continued down the road after running people off the road, that she saw the Quillens before she struck the motorcycle, that she took no action to avoid the collision, and that she knew full well what she was doing.

I am of opinion that this makes a jury question as to whether defendant was guilty of such recklessness as evinces a conscious disregard for the safety of others.